## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT HAWKINSVILLE,

### JUNE TERM, 1849.

No. 1.—Benjamin Stiles, plaintiff in error, *vs.* Charles Chapman, defendant.

[1.] Where there is no appearance by the plaintiff in error, the case being called for hearing, and the plaintiff being himself called, the defendant may open the record and pray for an affirmance of the judgment.

Motion to dismiss the writ of error and affirm the judgment below, on the ground that there was no appearance for the plaintiff in error, he having been called in open Court.

Gaulden for the motion.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] The Constitution of the State, under which this Court is organized, requires that it shall, at each session in each District, dispose of and finally determine each and every case on the docket, at the first term after the writ of error is brought. It farther provides, that in case the plaintiff in error, in any case, shall not be prepared, at the first term after writ of error brought, to prosecute the same, it shall be stricken from the docket and the judg-

ment below shall stand affirmed, unless he is precluded by some· *Providential cause* from prosecuting it.     *Prince,* 909.

To carry fully into effect these requirements of the fundamental law, with other things, the 11th Rule of this Court was adopted.     That Rule declares, that when cases are called for hearing and there is no appearance by the plaintiff in errrr, the defendant may have the plaintiff called and move the Court to dismiss the writ; or he may open the record and pray for an affirmance of the judgment, and in case the writ is dismissed or the judgment affirmed, the plaintiff in error shall pay the costs.     This cause was duly called for hearing, and in its proper order, and there being no appearance for the· plaintiff in error, and the plaintiff himself being first called, the counsel for the defendant opened the record, and prayed the Court that the judgment below be affirmed.

Let the judgment of the Court below, therefore, stand affirmed.